IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CT-03010-M-RJ

| | | |
|---|---|---|
| RICKY NORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| K. DRISCHLER, | ) | |
| | ) | |
| Defendant. | ) | |

This cause is before the court on plaintiff's motion for subpoenas, Mot. [D.E. 33], plaintiff's motion to compel, Mot. [D.E. 35], and defendant's motion to seal, Mot. [D.E. 43]. These motions are ripe for review.

Relevant Procedural History:

On December 4, 2023, Ricky Norris ("plaintiff"), a South Carolina state inmate proceeding *pro se* and without prepayment of fees, filed in the U.S. District Court for the Middle District of North Carolina a complaint under 42 U.S.C. § 1983. See [D.E. 1, 2, 3].

On January 10, 2024, the action was transferred to this court. See Order [D.E. 5].

On April 16, 2024, the court conducted its initial review, allowed the action to proceed against Corporal K. Drischler ("defendant"), Order [D.E. 13], and issued summons, see [D.E. 14].

On May 23, 2024, the court received what it liberally construed as plaintiff's motion to amend and proposed amended complaint. See Mot. [D.E. 20].

On June 12, 2024, the court, *inter alia*, granted the motion to amend, allowed the amended complaint to proceed against defendant. Order [D.E. 22].

On July 10, 2024, defendant answered the amended complaint. Answer [D.E. 24].

On July 11, 2024, the court entered a scheduling order. Order [D.E. 25].

On November 6, 2024, plaintiff filed what the court liberally construed as a motion to extend the case management deadlines. See Mot. [D.E. 28] (asserting he has been in restrictive housing at Evans C.I. where officials took his legal mail and work and refused to give it back).

On November 14, 2024, the court granted the motion to extend time and directed defendant to file a response as to the alleged confiscation of plaintiff's legal materials. Order [D.E. 29] (setting a Jan. 13, 2025, discovery deadline and a Feb. 12, 2025, motions deadline).

On November 18, 2024, plaintiff filed a document self-styled as "plaintiff Ricky Norris Evidence [sic]," together with attachments. See [D.E. 30] (stating, *inter alia*: he produced a witness statement and "times of surgery"; he has "supana [sic] for a copy of the video from January 3 related to incident mentioned in complaint with no luck," and requesting court assistance to "get Nash County Detention Center to produce" this video; he has "supana [sic] (SCDC) Evans Correctional Institution for x-rays and all medical history of right elbow since Feb. 1, 2023, with no luck," and asks the court to help him obtain this medical history and "get the rest of the evidence needed to get to the bottom of the incident"); see also [D.E. 30-1] at 1 (purported Aug. 8, 2023, witness statement of "James Battel [sic]"); id. at 2 (Nash County Detention Center Progress Note indicating a Dec. 20, 2022, appointment at "Mayo Surgery Pravilion [sic]"); id. at 3 (what appears to be a Dec. 20, 2022, printout reminder for plaintiff's Jan. 5, 2023, UNC Orthopedics follow-up).

On November 27, 2024, defendant responded to the court's November 14, 2024, order, informing the court that defendant's counsel had made multiple calls to Evans C.I. regarding the purported confiscation of plaintiff's legal material without receiving a response. See [D.E. 31].

2

On December 9, 2024, defendant filed a response to plaintiff's November 18, 2024, filing, together with attachments. See [D.E. 32] (informing the court that: 1) despite plaintiff's assertion that he subpoenaed video footage "with no luck," defendant received no subpoena but responded to plaintiff's discovery requests by alerting him that no video exists with respect to this incident, and 2) defendant is not in control of, and cannot produce, plaintiff's medical records from Evans C.I. in South Carolina); [D.E. 32-1] (defendant's responses to plaintiff's first set of request for production providing, *inter alia*, that: defendant objects to requests for production of medical records either from Nash County Hospital or the South Carolina Department of Corrections because she is not authorized by law to request such records; there are no incident reports regarding the incident mentioned in the complaint; there is no surveillance video related to the incident mentioned in the complaint; there is no record of any grievances filed by plaintiff at the Detention Center; and there is no disciplinary record for defendant's employment at the Detention Center).

On December 30, 2024, plaintiff filed the instant self-styled "motion for subpoena's [sic]," asking the court to subpoena: "video footage related to the incident mentioned in the complaint on January 3, 2022 [sic]"; Evans C.I. medical records from February 1, 2023, until the present; all Nash County Detention Center grievances filed by plaintiff addressing the incident alleged; the disciplinary record of defendant while she was employed at the Detention Center; and any incident reports regarding the alleged incident. See Mot. [D.E. 33].

On January 13, 2025, defendant filed a response to plaintiff's December 30, 2024, motion, with attachments. See [D.E. 34] (noting: plaintiff presumably means video footage for the date mentioned in the complaint – January 3, 2023; that defendant's prior discovery response informed plaintiff the video footage, grievances, and incident reports he seeks do not exist; that defendant's

3

prior discovery response also informed plaintiff that defendant had not been disciplined while employed at the Nash County Sheriff's Office; that Detention Center Captain Daniel Wrenn conducted a search to confirm that no video footage or incident reports related to the alleged event exist; that Wrenn also confirmed defendant has not been disciplined while employed at the Nash County Sheriff's Office; that defendant contemporaneously served supplemental discovery responses, including an April 25, 2024, inter-office memo by defendant regarding the alleged incident; that, because plaintiff has all the information requested as to video footage, incident reports, grievances, and defendant's discipline record, his motion for subpoenas should be denied; but defendant does not object to plaintiff seeking medical records from the correct party); see also Ex. A, Aff. of Capt. Daniel Wrenn, [D.E. 34-1] (averring, *inter alia*: he is the Detention Center Captain; plaintiff was a Detention Center inmate from Nov. 28, 2022, to Jan. 4, 2023; defendant was not on shift and did not work at the Detention Center on the date of the alleged incident – Jan. 3, 2023; no video footage exists of the alleged incident; "Plaintiff did not lodge any grievances with respect to the alleged incident"; there were no incident reports related to the alleged incident; and defendant has not received any disciplinary action while employed at the Detention Center); Ex. B., Supp. Resp., [D.E. 34-2] at 1–5 (producing defendant's Apr. 25, 2024, interoffice memo).

On January 30, 2025, plaintiff filed the instant motion to compel, Mot. [D.E. 35], together with declarations of Ricky Norris [D.E. 36], and James Battle [D.E. 37].

On February 12, 2025, defendant filed a motion for summary judgment, Mot. [D.E. 38], a statement of material facts, [D.E. 39], an appendix [D.E. 40], a memorandum in support [D.E. 41], a proposed sealed exhibit [D.E. 42], and the accompanying instant motion to seal, Mot. [D.E. 43]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam) ("Roseboro"),

4

the court notified plaintiff about the motion for summary judgment, the consequences of failing to respond, and the response deadline. [D.E. 44].

On February 13, 2025, defendant filed a response to plaintiff's January 30, 2025, motion. [D.E. 45] (reiterating the non-existence of videos, grievances, incident reports, or disciplinary records and noting that defendant is not in possession of plaintiff's Evans C.I. medical records).

## Discussion:

The court first considers defendant's motion to seal. Mot. [D.E. 43]. The proposed sealed exhibit includes plaintiff's personal medical records. See [D.E. 42]. Plaintiff did not object and, after review under the governing standard, see Doe v. Public Citizen, 749 F.3d 246, 271–73 (4th Cir. 2014), because the interest in preserving confidentiality in these medical records outweighs the public interest in disclosure, the court GRANTS the motion to seal [D.E. 43].

The court now turns to the motion to compel. Mot. [D.E. 35]. Although plaintiff seeks video footage, incident reports, grievance copies, and defendant's disciplinary files, defendant has repeatedly responded that such requested evidence is nonexistent. See [D.E. 34, 34-1, 45]. Further, although plaintiff also seeks his own medical records from Evans C.I., defendant's responses show these records are not in defendant's possession and she cannot obtain them. See [D.E. 32, 34, 34-1, 45]. Succinctly stated, defendant has adequately responded to these discovery requests and "made a particularized showing why discovery should be denied." Johnson v. N.C. Dep't of Justice, No. 5:16-CV-679-FL, 2018 WL 5831997, at *5 (E.D.N.C. Nov. 7, 2018) (citing Mainstreet Collection, Inc. v. Kirkland's, Inc., 270 F.R.D. 238, 241 (E.D.N.C. 2010)).

The motion to compel also fails because plaintiff fails to certify attempts to meet and confer with defendant as to these discovery requests, see Fed. R. Civ. P. 37(a)(1), or "that there has been

5

a good faith effort to resolve discovery disputes prior to the filing of any discovery motions," E.D.N.C. Local Civil Rule 7.1(c)(2), see Boykin Anchor Co., Inc. v. Wong, No. 5:10-CV-591-FL, 2011 WL 5599283, at *3 (E.D.N.C. Nov. 17, 2011).

Accordingly, the court, in its discretion, DENIES plaintiff's motion to compel [D.E. 35]. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc., 43 F.3d 922, 929 (4th Cir. 1995); Erdmann v. Preferred Rsch., Inc. of Ga., 852 F.2d 788, 792 (4th Cir. 1988); see also English v. Johns, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014).

Next, the court turns to plaintiff's motion for subpoenas. Mot. [D.E. 33].

The court's authorization of a subpoena *duces tecum* requested by an *in forma pauperis* plaintiff is subject to limitations, including the relevance of the information sought as well as the burden and expense to a person subject to the subpoena. See Fed. R. Civ. P. 26(b) & 45(d)(1); Jackson v. Brinker, No. IP 91-471-C, 1992 WL 404537, at *7 (S.D. Ind. Dec. 21, 1992) (finding that the court may refuse an indigent party's request to have the United States Marshals Service serve a Rule 45 subpoena *duces tecum* that is "frivolous, requests immaterial or unnecessary information, is unduly burdensome, would be reasonably certain to result in the indigent's responsibility for significant compliance costs for which he cannot provide, or is otherwise unreasonable or abusive of the court's process"). The court notes that, although the plaintiff has been granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915(d), such status does not mean that the plaintiff's discovery expenses are underwritten or waived. See, e.g., Badman v. Stark, 139 F.R.D. 601, 604 (M.D. Pa. 1991) (holding that an indigent plaintiff seeking issuance of a subpoena must simultaneously tender the witness fees and the estimated mileage allowed by law with the service of the subpoena); see also Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."). While the plaintiff's *in forma pauperis* status may permit service of a subpoena *duces tecum* by the United States Marshals Service without prepayment of the cost of service, the court must limit a plaintiff's discovery requests if the documents sought from the non-party are "cumulative or duplicative, or can be obtainable from some other source that is more convenient, less burdensome, or less expensive." See Fed. R. Civ. P. 26(b)(2)(C); see also Badman, 139 F.R.D. at 605 ("The Federal Rules of Civil Procedure were not intended to burden a non-

6

> party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena *duces tecum*."). Additionally, the plaintiff should demonstrate that the requested records are obtainable only through the identified third party and that he has made provisions to pay the reasonable costs associated with the discovery he seeks. See Badman, 139 F.R.D. at 605; Sickler v. Curtis, No. 2:11-cv-0205, 2012 WL 3778941, at *2 (E.D. Cal. Aug. 31, 2012).

Ronell v. Cabbagestock, No. CV 0:20-871-DCN-PJG, 2020 WL 6802909, at *2 (D.S.C. Nov. 18, 2020) (footnote omitted).

For the reasons discussed above as to the motion to compel, plaintiff's attempts to subpoena non-existent video footage, incident reports, grievance copies, and disciplinary files are unavailing.

By contrast, it is reasonable to expect that plaintiff's medical records from Evans C.I. from February 1, 2023, until the present day are potentially relevant to his claims alleged. Nevertheless, requests for these documents should be directed at the presumptive custodian, the non-defendant South Carolina Department of Corrections ("SCDC").

Accordingly, plaintiff is directed to inform the court whether the SCDC will provide these medical records without a subpoena. If a subpoena is necessary, plaintiff must 1) demonstrate that he has made provision or has the funds necessary to pay the SCDC for the costs associated with the production of these documents, and 2) show he has arranged for service of his a subpoena *duces tecum* pursuant to Federal Rule of Civil Procedure 45 or, alternatively, provide the court with completed subpoena forms so that the court can make service on his behalf through the United States Marshals Service. See 28 U.S.C. § 1915(d); see also Fed. R. Civ. P. 4(c)(3).

Additionally, plaintiff shall explain the nearly one-month gap between the date of his alleged injury at the Nash County Detention Center – January 3, 2023 – and the date from which he seeks Evans C.I. records – February 1, 2023 – including whether a different third-party jail or correctional institution may possess plaintiff's potentially relevant medical records during this gap.

7

Conclusion:

In sum, the court: GRANTS defendant's motion to seal [D.E. 43], and DIRECTS the clerk to seal the proposed sealed exhibit at [D.E. 42]; DENIES plaintiff's motion to compel [D.E. 35]; and DENIES IN PART plaintiff's motion for subpoenas [D.E. 33] as discussed above, but DIRECTS plaintiff, within twenty-one (21) days from the date of this order, to make the above showings regarding his request to subpoena medical records at Evans C.I. from February 1, 2023, to the present, and to explain the above-discussed gap – from January 3, 2023, to February 1, 2023 – in his request for medical records.

The court also DIRECTS the clerk to send plaintiff two blank copies of form AO 88B – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action. The court REMINDS plaintiff that completed subpoena forms must describe the items to be produced with reasonable particularity and designate a reasonable time, place and manner for their production. See Fed. R. Civ. P. 34(b).

Finally, the court WARNS plaintiff that the court may dismiss the action without prejudice for failure to prosecute if he fails to respond to this order in the time allowed.

SO ORDERED this 21st day of July, 2025.

Richard E Myers II
RICHARD E. MYERS II
Chief United States District Judge